UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 2525 CDP |
| | ) | |
| BOERSEN FARMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before me for review of subject matter jurisdiction. Plaintiff Monsanto Company brings this action alleging that defendant Boersen Farms, Inc., defaulted on the terms of a purchase agreement as well as a finance agreement and thereby unjustly obtained a benefit that it did not pay for. Monsanto, a citizen of the States of Delaware and Missouri, invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332.

I have reviewed Monsanto's complaint and find its statement with respect to the citizenship of defendant Boersen Farms to be inadequate. Regarding corporations, a proper statement of citizenship includes the corporation's place of incorporation and its principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). Here, while Monsanto alleges that Boersen Farms is incorporated in the State of Michigan, it fails to identify its principal place of business. Instead, Monsanto

avers that Boersen Farms has a registered office address in Michigan. Merely having a "registered office" in a state is not equivalent to the principal place of business being in that state. *See Snelling v. HSBC Card Servs., Inc.*, No. 4:14CV431 CDP, 2015 WL 457949, at *4 (E.D. Mo. Feb. 3, 2015); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (for diversity purposes, "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . the corporation's 'nerve center.'"). I am therefore unable to determine if this Court has subject-matter jurisdiction over this action.

Accordingly, I will give plaintiff until December 22, 2017, to amend its complaint to properly allege this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

Therefore,

**IT IS HEREBY ORDERED** that plaintiff Monsanto Company shall file an amended complaint no later than **December 22, 2017**, to properly allege this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2017.